JUSTICE RICE
concurring in part and dissenting in part.
¶33 Concurring on Issue 2,1 dissent from the Court’s holding on Issue 1. I agree with the holding in Nusom that attorney fees must be addressed unambiguously within Rule 68 judgments in order to resolve the issue. However, I do not believe ambiguity existed here. MFH’s acceptance indicated that all of its claims were resolved by the Barneses’ offer of judgment, which necessarily included its express claim for attorney fees.
¶34 Like the Court, I find the reasoning in Nordby persuasive, but, contrary to the Court, I would reach the same result as the Nordby court did. In Nordby, language similar to that used here was found to have encompassed the plaintiffs claim for attorney fees. I do not find it necessary, for purposes of this case, to distinguish Nordby on the grounds that the language there was used by the party making the offer, while the similar language here was used by the party accepting the offer. To the extent that the attorney fee issue was ambiguous within the Barneses’ offer, the issue was clarified by MFH’s acceptance, and confirmed by the parties’ subsequent actions in accordance therewith.
¶35 I find no fault with the District Court’s ruling, and would affirm.